# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERNST HOFFMANN,**<br><br>Plaintiff,<br><br>v.<br><br>**WILLIAM DRATEL and SHARYN LAWALL DRATEL,**<br><br>Defendants. | Docket No.: 13-cv-2828-WJM-MF<br><br>**OPINION** |

## **WILLIAM J. MARTINI, U.S.D.J.:**

This is a breach of contract case in which Defendants failed to timely file their Answer. Plaintiff has filed a motion for default judgment, and Defendants have filed an opposing cross-motion to vacate default. There was no oral argument. L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**, and Defendants' motion is **GRANTED**.

## I. BACKGROUND

Defendant William Dratel ("Dratel") admits to being a broker/dealer who invested money for Plaintiff Ernst Hoffmann beginning in 1986. (Defendants' Proposed Answer ("Answer") at ¶ 2, 5, 10-11) In the mid-2000's, Hoffmann confronted Dratel about perceived mismanagement of the investments. (Answer at ¶ 22-24) Hoffmann was angry that the investments had not earned as much money as he would have liked. (*See* Certification of William Dratel, Exhibit A)

The parties signed an agreement on April 11, 2008 ("the Agreement") whereby Defendants agreed to make payments totaling $270,755 to Hoffmann. (Certification of Peter Gallagher, Esq., Exhibit C) Plaintiff claims that he gave up legal rights to file a Complaint in exchange for this Agreement. (Complaint at ¶ 22)

1

Plaintiff claims that the Defendants did not pay him the money that they agreed to. (Complaint at ¶ 32)

Plaintiff served Defendants with this Complaint on May 17, 2013. (Gallagher Certification at ¶ 2) Defendants did not answer, and the clerk entered default on June 21, 2013. (*Id.* at ¶ 3-4) Plaintiff initially filed a motion for default judgment on July 16, 2013, but it was denied without prejudice because the Plaintiff did not serve Defendants with the motion. (*Id.* at ¶ 5) Plaintiff re-filed the motion for default judgment on October 17, 2013. (*Id.* at ¶ 6) On October 25, 2013, Defendants filed a cross-motion to vacate default along with a proposed Answer. (*Id.* at ¶ 7)

According to Dratel, the failure to timely file an Answer was due to a miscommunication between him and his wife, Co-Defendant Sharyn Lawall Dratel. (Certification of William Dratel at ¶ 9) William Dratel believed his wife was working on the case with a lawyer when, in fact, she was not. (*Ibid.*)

Defendants proffer two notable defenses to liability. First, Dratel stated that the Agreement was signed under duress. Part of the duress was that Ernst Hoffmann said that he had tapped Dratel's phone calls and would "ruin" Dratel if Dratel did not sign the Agreement. (Dratel Certification at ¶ 5; Answer at ¶ 16)

Second, the Answer alleges that this court has no personal jurisdiction over Defendants. The Answer denies that Defendants, who are New York residents, ever did business in New Jersey. (Answer at ¶ 1, 4)

## II. DISCUSSION

The court may, at its discretion, set aside an entry of default for good cause. Fed. R. Civ. P. 55(c); *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). As a general matter, courts disfavor defaults. *Harad*, 839 F.2d at 982. "Matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided." *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951). "Any doubt should be resolved in favor of the petition to set aside the [default] judgment so that cases may be decided on the merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. l976).

On a motion for vacating a default under Fed. R. Civ. P. 55(c), the district court, in exercising its discretion, must consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the

default was the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

Dratel has submitted two meritorious defenses to liability. First, he asserts that Hoffman procured the Agreement through duress by threatening him. Second, he asserts that this court lacks personal jurisdiction over the matter because William Dratel never did business in New Jersey and is a resident of New York. (Answer at ¶ 1, 4) Initially, Plaintiff will have the burden of producing evidence sufficient to support personal jurisdiction. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

Denying default judgment will not unduly prejudice the Plaintiff. The Agreement contains a provision that entitles Plaintiff to legal fees to support the cost of collection if the Agreement is breached. If Plaintiff in fact has a meritorious case, and Dratel is merely employing delay tactics to avoid an inevitable finding of liability, Defendants will likely be responsible for the legal costs attendant to their delay.

Miscommunication between Dratel and his wife caused the default. Facially, this was a negligent failure. It is not clearly culpable conduct, and doubts must be resolved in favor of the party seeking to vacate default. *Medunic*, 533 F.2d at 894.

Considering that there are meritorious defenses, that Dratel will ultimately be held responsible for the Plaintiff's legal fees if his delay tactics are not for good reason, the lack of clearly culpable conduct, and the law's disfavor towards settling cases by default judgment, the court will exercise its discretion to vacate default.

## III. CONCLUSION

For the reasons stated above, Defendants' motion to vacate is **GRANTED**, and Plaintiff's motion to enter default judgment is **DENIED**. The Clerk of Court shall file the proposed Answer.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 9, 2013**